UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT KOSSOWSKI, an individual,

    Plaintiff,

v.    Case No: 2:13-cv-728-FtM-29DNF

THE CITY OF NAPLES, a municipal corporation of the State of Florida,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on the defendant's Motion for Summary Judgment (Doc. #23) and plaintiff's Motion for Partial Summary Judgment (Doc. #24), both filed on September 30, 2014. Defendant filed a Response to Plaintiff's Motion for Summary Judgment (Doc. #26) on October 14, 2014, and plaintiff filed a Response to Defendant's Motion for Summary Judgment (Doc. #27) on October 17, 2014.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if

the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010).  A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "A court must decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Anderson, 477 U.S. at 251).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010).  However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999) (quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983) (finding summary judgment "may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")).  "If a reasonable fact finder evaluating the evidence could draw more

2

than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

## II.

Plaintiff Robert Kossowski (plaintiff) initiated this action against the City of Naples (defendant) on October 16, 2013, by filing a Complaint (Doc. #1) alleging claims of unlawful interference and retaliation under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. (FMLA). Specifically, plaintiff alleges that defendant wrongfully denied his request for FMLA leave and used the request as a negative factor in an employment action against plaintiff.

Plaintiff worked for the City of Naples as a service worker from 1999 until his termination in February 2013. (Doc. #24-1, p. 8, 185.) On February 4, 2013, plaintiff, suffering from respiratory problems, visited his doctor, Edmund C. Weidner, MD (Dr. Weidner). (Doc. #23-1, p. 47.) After a relatively benign exam, Dr. Weidner concluded that plaintiff had bronchitis. (Doc. #27-3, p. 6.) Plaintiff was prescribed a Z-Pak, a standard antibiotic consisting of six tablets, and a codeine cough syrup. (Id. at 8.)

On February 6, 2013, plaintiff called in sick to work and indicated that he would be seeking FMLA leave. (Doc. #24-2, p. 5.) Defendant then provided plaintiff with U.S. Department of Labor Form WH 380E, Certification of Health Care Provider for Employee's Serious Health Condition. (Id.) Plaintiff did not come to work on his scheduled work days of February 7, 8, 9, and 11, and did not call in sick on any of those days. (Doc. #23-1, pp. 49-50.)

Plaintiff returned to Dr. Weidner's office on February 11, 2013, to obtain a return-to-work authorization and have his FMLA documents filled out. (Doc. #27-3, p. 11.) The FMLA form indicated that: (1) plaintiff's condition commenced on or about February 2, 2013, and had a probable duration through February 11, 2013; (2) plaintiff received treatment from Dr. Weidner on February 4, 2013; (3) plaintiff was prescribed medication other than over-the-counter medication; (4) plaintiff was unable to perform his job functions; (5) plaintiff was diagnosed with bronchitis; and (6) plaintiff would be incapacitated for a single continuous period due to his medical condition, including any time for treatment and recovery, from February 2, 2013, to February 11, 2013. (Doc. #24-2, pp. 35-38.)

Plaintiff returned to work on February 12, 2013, and promptly submitted his FMLA paperwork. (Doc. 23-1, p. 49.) Lori McCullers

4

(McCullers) and Linda Bevard (Bevard) reviewed plaintiff's paperwork and determined that plaintiff's condition did not qualify as a serious medical condition under the FMLA. (Doc. #24-2, p. 7.) Defendant's Director of Human Resources, Denise Perez (Perez), issued a letter, dated February 12, 2013, informing plaintiff that his request for FMLA leave was denied because his condition did not qualify as a serious health condition under the FMLA guidelines. (Doc. #24-3, p. 27.) On February 19, 2013, plaintiff submitted a letter to the human resources department in order to obtain additional information about his FMLA denial. (Doc. #24-1, p. 144.) Defendant did not respond to plaintiff's inquiry.

On or about February 26, 2013, defendant discharged plaintiff for multiple policy violations, including plaintiff's failure to inform his supervisor each day he would not be at work. (Doc. #24-1, p. 187.)

### III.

"The FMLA grants an eligible employee the right to take up to 12 workweeks of unpaid leave annually for any one or more of several reasons, including '[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee.'" Hurlbert v. St. Mary's Health Care Sys. Inc., 439 F.3d 1286, 1293 (11th Cir. 2006) (citing 29

5

U.S.C. § 2612(a)(1)(D)).  To protect this right, the FMLA provides for two types of claims: (1) interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act; and (2) retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in activity protected by the Act.  Id.  Interference and retaliation claims both require the employee to establish the he qualified for FMLA leave.  <u>Hurley v. Kent of Naples, Inc.</u>, 746 F.3d 1161, 1167 (11th Cir. 2014).  In this case, plaintiff contends that he was entitled to FMLA leave because a serious health condition rendered him unable to perform the functions of his job.

The FMLA defines a "serious health condition" as an illness, injury, impairment, or physical or mental condition that involves either "inpatient care in a hospital, hospice, or residential medical care facility," or "continuing treatment by a health care provider."  29 U.S.C. § 2611(11).  Plaintiff does not allege that he received inpatient care, so the focus falls on whether plaintiff's condition involved "continuing treatment by a health care provider."  The regulations provide that such a situation exists in either of the following circumstances:

> (a) Incapacity and treatment.  A period of incapacity of more than three consecutive, full calendar days, and any

6

>subsequent treatment or period of incapacity relating to the same condition, that also involves:
>
>>(1) Treatment two or more times, within 30 days of the first day of incapacity, unless extenuating circumstances exist, by a health care provider, by a nurse under direct supervision of a health care provider, or by a provider of health care services (e.g., physical therapist) under orders of, or on referral by, a health care provider; or
>
>>(2) Treatment by a health care provider on at least one occasion, which results in a regimen of continuing treatment under the supervision of the health care provider.

29 C.F.R. § 825.115(a). "Ordinarily, unless complications arise, the common cold, the flu, ear aches, upset stomach, minor ulcers, headaches other than migraine, routine dental or orthodontia problems, periodontal disease, etc., are examples of conditions that do not meet the definition of a serious health condition and do not qualify for FMLA leave." 29 C.F.R. § 825.113(d).

Plaintiff first argues that his bronchitis qualified as a "serious health condition" because he treated with a physician on two occasions. Dr. Weidner indicated on plaintiff's FMLA form that he only treated plaintiff's condition on February 4, 2013. (Doc. # 24-2, p. 36.) Plaintiff, however, contends that he also received treatment from Dr. Weidner on February 11, 2013. The evidence clearly shows that plaintiff visited Dr. Weidner on February 11, 2013, but there is a dispute as to whether or not treatment was provided. Indeed, Dr. Weidner testified that

7

plaintiff returned to his office on February 11, 2013, in order to obtain a return-to-work authorization and to have his FMLA documents filled out. (Doc. #27-3, p. 11.) Dr. Weidner also testified that he conducted an examination on February 11, 2013. Because the inferences arising from these facts may differ, summary judgment is not appropriate.

Plaintiff also argues that his bronchitis qualified as a "serious health condition" because the treatment he received on February 4, 2013, resulted in a regimen of continuing treatment. "A regimen of continuing treatment includes, for example, a course of prescription medication (e.g., an antibiotic) or therapy requiring special equipment to resolve or alleviate the health condition (e.g., oxygen)." 29 C.F.R. § 825.113(c). Defendant argues that bronchitis is no more than a common ailment, like the common cold, and the medication prescribed to plaintiff does not constitute a regimen of continuing treatment because it was prescribed as a preventive measure, not as treatment. Plaintiff, on the other hand, argues that the medication was prescribed as treatment. Based on the parties' conflicting inferences, the Court finds that summary judgment is inappropriate.

**IV.**

Defendant also argues that summary judgment should be entered in its favor because plaintiff was terminated for legitimate, non-retaliatory reasons.

To prove FMLA retaliation, an employee must show that his employer intentionally discriminated against him for exercising an FMLA right. Martin v. Brevard Cnty. Pub. Sch., 543 F.3d 1261, 1268 (11th Cir. 2008) (citing 29 U.S.C. 2615(a)(2)). Absent direct evidence of retaliatory intent, the burden-shifting framework set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), applies. Brungart v. BellSouth Telecomms., Inc., 231 F.3d 791, 798 (11th Cir. 2000). Under this approach, a plaintiff must first present a prima facie case of retaliation. To do so, a plaintiff must show that: (1) he engaged in a statutorily protected activity; (2) he suffered an adverse decision; and (3) the decision was causally related to the protected activity. Martin, 543 F.3d at 1268. If the plaintiff successfully makes a prima facie showing, the burden shifts to the employer to articulate a legitimate reason for the adverse action. Id. If the employer does so, the employee must show that the proffered reason was pretextual by presenting evidence sufficient to permit a reasonable factfinder to conclude that the reasons given were not the real reasons for the adverse employment decision. Id.

Here, defendant contends that plaintiff was terminated due to his long history of employment discipline, not because he requested FMLA leave.  The evidence shows that plaintiff was terminated for his failure to adhere to a number of the policies and procedures outlined in the City of Naples Personnel Policies and Procedures Manual, including, but not limited to:

- Misuse of leave, excessive tardiness or absenteeism, or unauthorized absence from duty without satisfactory explanation.

- Failure to report absence from duty to supervisor within required time and in accordance with department and division procedures.

- Failure to report for duty after leave of absence has expired, been disapproved, or revoked.

- Job abandonment in which an employee has three (3) or more consecutive, unexcused absences.

(Doc. #23-1, pp. 200-201.) Because these violations occurred while plaintiff was recovering from bronchitis, reasonable minds could find that plaintiff's request for FMLA leave factored into defendant's decision to terminate plaintiff.  Furthermore, David Lykins (Lykins), a department director for the City of Naples, testified that plaintiff's absences would have been excused if his request for FMLA leave was approved. (Doc. #27-1, p. 8.) Lykins' testimony also indicates that the approval of FMLA leave would have nullified plaintiff's failure to call in sick. (Id.)  This

10

evidence, coupled with the close temporal proximity between plaintiff's request for FMLA leave and his termination, is sufficient to create a triable issue of fact. Although defendant may ultimately prove that plaintiff was terminated for legitimate, non-retaliatory reasons, the Court finds that a genuine dispute of material fact remains. See Martin, 543 F.3d at 1268.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion for Summary Judgment (Doc. #23) is **DENIED.**

2. Plaintiff's Motion for Partial Summary Judgment (Doc. #24) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this   6th   day of February, 2015.

*[signature]*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of record