UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Robert Kossowski,                                             Case No. 2:13-cv-728

                           Plaintiff,

v.                                                                         **ORDER**

The City of Naples,

                           Defendant.

_____

      This matter is before the Court on the parties' Motions in Limine.  For the reasons that follow, the Court denies Kossowski's Motions and grants in part and denies in part the City's Motions.

**A.**      **Kossowski's Motions in Limine**

      **1.**      **Entire Work History**

      Kossowski first moves to exclude evidence of his entire fourteen-year work history with the City, including his whole personnel file and other evidence of his performance reviews, disciplinary actions, and employee grievances.  He argues that most of the evidence is irrelevant or unfairly prejudicial because the record indicates that the proffered reasons for the termination of his employment were limited to his failure to call in while absent and the suspension of his driver's license.  The City counters that the evidence is relevant to its defense that it fired Kossowski based, in part, on his entire work history and not on his request for FMLA leave.  It points to supporting evidence in

the record, such as a spreadsheet listing his past discipline that was attached to his termination notice and testimony from a human-resources officer.

The record shows that the City considered Kossowski's work history in deciding to terminate his employment.  The City may therefore introduce evidence of that work history as long as it demonstrates that the particular evidence played a role in the termination decision.  Whether the work history was the real reason for the termination is a factual question for the jury.  The Court denies the Motion without prejudice to specific objections at trial.

### 2.      Grievance Process

Kossowski also moves to exclude evidence of his appeal of the termination of his employment through the grievance process.  He argues that the evidence is irrelevant or unfairly prejudicial because it describes events that occurred after he was terminated on February 26, 2013.  The City counters that because the termination decision was not final until the grievance process concluded, evidence of the grievance proceedings is relevant to its reasons for ultimately firing Kossowski.

Under the applicable collective bargaining agreement (CBA), the termination decision was indeed not final until the grievance process finished.  Thus, evidence of what happened during the grievance proceedings is relevant to the City's reasons for the termination.  The Court denies the Motion.

**B.      The City's Motions in Limine**

**1.      Collective Bargaining Agreement**

The City first moves to exclude evidence that it violated the CBA.  In particular, it refers to Kossowski's argument that he should not have been fired for failing to maintain a valid driver's license because the City took too long under the CBA to discipline him for that infraction.  The City asserts that because Kossowski raised this argument during the grievance process and the assistant city manager found no violation of the CBA, Kossowski is bound by that finding given that he did not appeal it.  The City also argues that the evidence is irrelevant to whether it fired Kossowski for legitimate, nondiscriminatory reasons.  Kossowski counters that he cannot be barred from presenting the evidence simply because he did not appeal the assistant city manager's finding through the grievance process.  He also contends that the evidence is relevant because an employer's failure to follow established policies in making an employment decision constitutes proof of pretext.

Even assuming the evidence is relevant, Kossowski accepted the grievance-process finding that the City did not violate the CBA by failing to appeal it through the process as the CBA requires.  As Kossowski concedes that the CBA is binding, he may therefore not introduce evidence that the City violated the CBA.  The Court grants the Motion.

**2.      COPD**

The City next moves to exclude evidence that Kossowski suffers from chronic obstructive pulmonary disease (COPD).   It argues that the evidence, which it first

3

discovered during a deposition of Kossowski's doctor, is irrelevant because Kossowski requested FMLA leave based on bronchitis, not COPD. The City also argues that the evidence would confuse the jury because COPD is a qualifying condition under the FMLA. Kossowski concedes that he did not seek FMLA leave based on COPD, but contends that the City had an affirmative duty to uncover his COPD once it knew of his bronchitis. He also contends that the evidence provides context for the severity of his bronchitis.

Kossowski may not introduce evidence of his COPD to show that he was entitled to FMLA leave based on it, as he did not notify the City that he was requesting FMLA leave on that basis. See Gay v. Gilman Paper Co., 125 F.3d 1432, 1436 (11th Cir. 1997) (explaining that an employee seeking FMLA leave must "provide her employer with notice sufficient to make the employer aware that her absence is due to a potentially FMLA-qualifying reason"). But if Kossowski wishes to introduce the evidence to show that his COPD aggravated his bronchitis, he may lay the proper foundation at trial and the City may then make contemporaneous objections. Any potential confusion to the jury can be cured by a limiting instruction. The Court grants in part and denies in part the Motion to that extent.

### 3.    Previous FMLA Leave

Finally, the City moves to exclude evidence that it previously granted Kossowski FMLA leave. In that instance, Kossowski requested FMLA leave to care for his father, who suffered a stroke, and the City allowed him to be absent from work before it granted his request. The City argues that the evidence is irrelevant or confusing because an

4

employee does not automatically receive FMLA leave merely by requesting it. Kossowski counters that the evidence is relevant to the issue of whether the City was justified in relying on his failure to call in while his FMLA leave request was pending given that it previously excused him from doing so.

If one of the reasons for the termination was that Kossowski failed to call in while absent and the City did not previously discipline him for not calling in after he requested FMLA leave but before the request was granted, the jury could find that the reason was not legitimate. The evidence is therefore relevant. Whether the circumstances of the previous FMLA leave request materially differ from the circumstances of this case is a factual question for the jury. The Court denies the Motion.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1.    Kossowski's Motions in Limine (Docket No. 38) are **DENIED** as set forth above; and

2.    The City's Motions in Limine (Docket No. 37) are **GRANTED in part** and **DENIED in part** as set forth above.


Dated: February 26, 2015              *s/ Paul A. Magnuson*
                                      Paul A. Magnuson
                                      United States District Court Judge